IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

| | |
|---|---|
| Allen Ray Wilson,<br><br>      Plaintiff,<br><br>vs.<br><br>Greenville County Sheriff's Office,<br>Officer Brewer, *Sheriff's Deputy*, and<br>John Crangle, *13th Circuit Public<br>Defenders Office*,<br><br>      Defendants. | Civil Action No. 6:14-4553-MGL-KFM<br><br>**REPORT OF MAGISTRATE JUDGE** |

    The plaintiff is a pre-trial detainee at the Greenville County Detention Center in Greenville, South Carolina. The plaintiff has brought suit against the Greenville County Sheriff's Office, a deputy employed by the Greenville County Sheriff's Office, and a Public Defender for the Thirteenth Circuit Public Defenders Office. Pursuant to the provisions of Title 28, United States Code, Section 636(b)(1)(B), and Local Civ. Rule 73.02(B)(2)(d) (D.S.C.), this magistrate judge is authorized to review all pretrial matters in cases filed under Title 42, United States Code, Section 1983, and submit findings and recommendations to the district court.

    This civil rights action arises out of the plaintiff's arrest and incarceration. The plaintiff states that this case involves the overlooking or hiding of evidence and a "lawyer not doing his job" (doc. 1 at 2). The plaintiff alleges or contends that he was pulled over and taken out of the car, but nothing was found (*id*. at 3). He states that Officer Brewer went back to the car, looked around, and searched the passenger. The officer then came back to the plaintiff and pulled a bag of drugs from the plaintiff's jacket. After the plaintiff

arrived at the detention center, the plaintiff claims that the officer pulled two pills out of the prescription bottle that did not belong there and took them apart. The plaintiff further states that he has asked his attorney, John Crangle, for the plaintiff's motion of discovery, but has not received it. He argues that he wanted his attorney to file a speedy trial motion, but it did not happen. The plaintiff argues that the defendants are "withholding the facts as set forth," which show "evidence [has] been messed with" and that the officer let the passenger go without arrest, while the plaintiff was taken to jail for possessing the passenger's drugs (*id.*). In his prayer for relief, the plaintiff seeks to have all charges dropped, his license reinstated, and one thousand dollars a day for his losses and "pain and sufferings" (*id.* at 5).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. §§ 1915 and 1915A and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson v. Pardus*, 551 U.S. 89, 90–95 (2007) (*per curiam*). When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008). Even under this less stringent standard, the complaint is subject to summary dismissal. The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court. *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The Public Index for the Greenville County Clerk of Court website (http://www.greenvillecounty.org/SCJD/PublicIndex/, last visited on Dec. 2, 2014) indicates that the plaintiff was indicted on May 21, 2013, for two counts of possession of a controlled substance (Indictment No. 2013-GS-23-02840 and Indictment No. 2013-GS-23-02841). *See Mitchell v. Newsom*, Civil Action No. 3:11-0869-CMC-PJG, 2011 WL 2162723, at *3

n. 1 (D.S.C. May 10, 2011) (collecting cases indicating that federal courts may take judicial notice of governmental websites, including court records), *adopted by* 2011 WL 2162184 (D.S.C. June 1, 2011).

As a result of the plaintiff's two indictments, his claims of false arrest fail. A grand jury indictment is affirmative evidence of probable cause sufficient to defeat claims for malicious prosecution and false arrest under § 1983. *See Provet v. South Carolina*, Civil Action No. 6:07-1094-GRA-WMC, 2007 WL 1847849, at *5 (D.S.C. June 25, 2007). Moreover, the plaintiff has not raised a valid claim of malicious prosecution on the two drug charges because the charges have not been resolved in his favor. *See McCormick v. Wright*, Civil Action No. 2:10-0033-RBH-RSC, 2010 WL 565303, at *3 (D.S.C. Feb. 17, 2010) ("Plaintiff has certainly not alleged the element that the state criminal charges against him have been resolved in his favor so a malicious prosecution claim appears to be premature.").

Sheriff's Departments in South Carolina are state agencies, not municipal departments. *See* S.C. Code Ann. § 23-13-550 (Westlaw 2014); 1975 S.C. Att'y. Gen'l. Op. No. 47, 1975 WL 29404 (Jan. 22, 1975); and S.C. Code Ann. § 23-13-10 (Westlaw 2014), which provides that only the Sheriff has the authority to hire or terminate employees of the Sheriff's Department and that the Sheriff is responsible for neglect of duty or misconduct by a deputy sheriff. *See also Edwards v. Lexington Cnty. Sheriff's Dep't*, 688 S.E.2d 125, 127 n.1 (S.C. 2010) ("However, under South Carolina law, the sheriff and sheriff's deputies are State, not county, employees."). As a state agency, the Greenville County Sheriff's Office is immune from suit under the Eleventh Amendment. *Comer v. Brown*, 88 F.3d 1315, 1332 (4th Cir. 1996) (suit against Sheriff of Greenville County: ". . . Sheriff Brown is an arm of the State.").

Public Defender John Crangle is subject to summary dismissal because he has not acted under color of state law. An attorney, whether retained, court-appointed, or a public defender, does not act under color of state or federal law, which is a jurisdictional prerequisite for any civil action brought under 42 U.S.C. § 1983. *See Polk Cnty. v. Dodson*, 454 U.S. 312, 317–24 (1981) (public defender); *Hall v. Quillen*, 631 F.2d 1154, 1155–56 (4th Cir. 1980) (court-appointed attorney); and *Deas v. Potts*, 547 F.2d 800, 800 (4th Cir. 1976) (private attorney).

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

December 4, 2014                              s/ Kevin F. McDonald
Greenville, South Carolina                    United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge.  **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.**  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see*  Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court
United States District Court
300 East Washington Street — Room 239
Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).